# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RENE ORTIZ,

                Appellant,

        v.

DEPARTMENT OF VETERANS
    AFFAIRS,

                Agency.

DOCKET NUMBER
SF-0752-21-0536-I-1

DATE: July 28, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Joseph B. Frueh, Esquire, and William D. Carter, Esquire, Sacramento, California, for the appellant.[2]

Camille D.S. Stroughter, Esquire, Oakland, California, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] The appellant's representatives of record have not withdrawn their representation. However, it appears from the record that the appellant has, at all times, represented himself. *E.g.*, Petition for Review (PFR) File, Tab 1 at 8-9. The Board liberally construes pleadings filed by pro se litigants and has done so here. *See, e.g., Becker v. Department of Veterans Affairs*, 76 M.S.P.R. 292, 298 n.4 (1997).

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his involuntary resignation and breach of contract appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED to clarify and correct harmless adjudicatory error, we AFFIRM the initial decision.

¶2     The administrative judge found that because the Board lacks jurisdiction over the appellant's resignation, it also lacks authority to determine whether the agency breached an alleged contract with him regarding his resignation.  Initial Appeal File, Tab 12, Initial Decision (ID) at 5 n.4, 8.  This reasoning was in error.  The Board retains jurisdiction to enforce a settlement agreement that has been entered into the record for that purpose, independent of its jurisdiction over the underlying matter appealed.  *Delorme v. Department of the Interior*, 124 M.S.P.R. 123, ¶¶ 14-21 (2017).  However, we agree that the Board lacks jurisdiction over the alleged contract on other grounds.  Specifically, neither party entered the alleged contract into the record, and the administrative judge did not accept it for enforcement.  *Id.*, ¶¶ 16, 21.  Therefore, we lack enforcement authority over it.

¶3      Although the administrative judge dismissed the appeal for lack of jurisdiction, she alternatively dismissed it as untimely filed. ID at 2 n.1. The Board has held that the issues of timeliness and jurisdiction are generally inextricably intertwined in a constructive adverse action appeal and that the jurisdictional issue should be decided before reaching the timeliness issue. *Petric v. Office of Personnel Management*, 108 M.S.P.R. 342, ¶ 6 (2008); *Hanna v. U.S. Postal Service*, 101 M.S.P.R. 461, ¶ 6 (2006). The reason for this rule is that a failure to inform an employee of Board appeal rights may excuse an untimely filed appeal, and whether the agency was obligated to inform the employee of such appeal rights depends on whether the employee was affected by an appealable action. *Hanna*, 101 M.S.P.R. 461, ¶ 6. Here, the administrative judge found the Board lacks jurisdiction over the appeal, or alternatively dismissed the appeal as untimely. ID at 2 n.1. Because they are inextricably intertwined, the timeliness issue need not have been addressed absent a finding of jurisdiction. However, the administrative judge's alternative finding of untimeliness was harmless because she correctly found the Board lacks jurisdiction over the appeal. Absent jurisdiction over the appellant's claims, we need not address the appellant's arguments on review concerning the timeliness issue. Petition for Review File, Tab 1 at 9-10.

¶4      The administrative judge found that the appellant essentially failed to prove the truth of the matters he asserted because his statements were unsworn. ID at 6. Unsworn statements are evidence, and the fact that the statements are unsworn goes to their weight and probative value. *Scott v. Department of Justice*, 69 M.S.P.R. 211, 228 (1995), *aff'd per curiam*, 99 F.3d 1160 (Fed. Cir. 1996) (Table); *see Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 83-84 (1981) (holding that hearsay evidence is admissible in Board proceedings and the assessment of its probative value necessarily depends on the circumstances of each case). Further, in determining whether the appellant has made a nonfrivolous allegation of jurisdiction, the administrative judge may not weigh

the evidence. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994). We find the administrative judge's error in suggesting the appellant's unsworn statements had no evidentiary value and implicitly weighing their probative value at the jurisdictional stage was harmless. We agree with her conclusion that the appellant failed to make a nonfrivolous allegation of Board jurisdiction over his appeal because his allegations were vague and implausible. ID at 6-7; *see Clark v. U.S. Postal Service*, 123 M.S.P.R. 466, ¶ 7 (2016) (explaining that conclusory and vague allegations do not meet the nonfrivolous pleading standard), *aff'd per curiam*, 679 F. App'x 1006 (Fed. Cir. 2017); 5 C.F.R. § 1201.4(s)(1)-(2) (defining nonfrivolous allegations, as relevant here, as assertions that are more than conclusory and are plausible on their face).[3]

¶5    Because none of the above errors impact the ultimate conclusion that the Board lacks jurisdiction over the appellant's involuntary resignation appeal, we decline to grant review. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of

---

[3] To the extent that the appellant cites for the first time on review statutes regarding the Board's jurisdiction over decisions by the Office of Personnel Management (OPM) on retirement benefits, we find that those statutes do not provide a basis for finding jurisdiction over his alleged involuntary resignation and breach of contract claims. PFR File, Tab 1 at 1-2 & n.1. Further, there is no evidence that OPM has issued a final decision on any retirement benefit. In general, the Board has jurisdiction over OPM determinations affecting an appellant's rights or interests only after OPM has issued a final decision. *See Reid v. Office of Personnel Management*, 120 M.S.P.R. 83, ¶ 6 (2013).

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court

of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                              /s/ for
                                            _____
                                            Jennifer Everling
                                            Acting Clerk of the Board
Washington, D.C.